IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE S. MICHAEL, SUSAN MICHAEL, DOROTHY MICHAEL and ROBERT C. MICHAEL, <br><br> Plaintiffs, <br><br> v. <br><br> CHRISTINE LETCHINGER, R. DREW IRVIN, GERALD NELLESSEN, PETER FRIEDMAN, KATHLEEN O'HARA, BRIAN HAMER, SUSAN GARRETT and the VILLAGE OF LAKE BLUFF, a municipality, <br><br> Defendants. | No. 10 CV 3897 <br><br> Hon. Gary Feinerman, <br> Judge Presiding |

**PLAINTIFFS' RESPONSE TO SUSAN GARRETT'S AND BRIAN HAMER'S
SUPPLEMENTAL MEMORANDUM**

Plaintiffs George S. Michael, Susan Michael, Dorothy Michael and Robert C. Michael respond as follows to the Supplemental Memorandum filed by Defendants' Susan Garrett:

**Introduction**

At the status hearing held on October 14, 2010, this Court directed the parties to address whether the Tax Injunction Act would bar or preclude the Court's jurisdiction over the plaintiffs' claims against Brian Hamer, the Director of the Illinois Department of Revenue ("IDR" or "Department") and State Senator Susan Garrett. The Court set a briefing schedule for the submission of a supplemental brief by said Defendants and a response thereto by the Plaintiffs.

In their Supplemental Memorandum, Hamer and Garrett argue that the Tax Injunction Act (hereinafter "TIA" or "Act"), codified at 28 U.S.C. § 1341, would indeed bar the Court from asserting jurisdiction over the Plaintiffs' claims against them in this Section 1983 action. Observing that the language of the Act forbids federal courts only from enjoining tax collection

on the state level, Defendants argue that the TIA should nevertheless apply due to the "a plain, adequate, and complete remedy" already provided in the IDR proceeding docketed as case no. 08 PT 0024, and thereafter assigned case no. 09 CH 26405[1] upon filing for administrative review. (Defs. Garrett & Hamer's Supp. Mem., p. 4-5). Although none of the Plaintiffs were named as parties in the administrative proceeding, Defendants argue that "any claims which plaintiffs may have against [them]" derive from their rights as congregants and founders of the First Armenian Church of Lake Bluff (the "Church"), which was a party to the said proceedings. *Id*. at p. 5. Defendants end their Supplemental Memorandum by observing, contrary to the record, that George Michael "is the only person who has ever conducted, officiated or led religious services on the Church's property,"[2] thus indicating a "full hearing and judicial determination" of Plaintiffs' claims was provided in the administrative proceeding.

    **I.    The Tax Injunction Act does not bar this Court's jurisdiction to hear this case, since Plaintiffs have raised First Amendment issues which do not conflict with the TIA nor the principle of comity.**

In the cases addressing the Tax Injunction Act cited in Defendants' Suppl. Memorandum, the plaintiffs were seeking a review, by a federal court, of *state legislation* governing the assessment and collection of taxes. In Empress Casino Joliet Corp. v. Blagojevich, 674 F. Supp. 2d 993 (N. D. Ill. 2009), a group of casino operators sought to overturn the 2006 and 2008 Illinois Racing Acts (imposing a three percent tax upon casinos to be distributed to racetracks), after unsuccessfully seeking an identical remedy from the state courts. Three days after their petition for certiorari was denied by the Illinois Supreme Court, the casino operators re-filed the same

---

[1] Case no. 09 CH 26405 was consolidated with a subsequent administrative review action, no. 10 L 050003, seeking review of the ALJ's final order in IDR case no. 09 PT 0063 [denying a hearing of the April 21, 2009 reversal of the tax exemption issued to the First Armenian Church of Lake Bluff in case no. 08 PT 0024 on the grounds of *res judicata*]. Compl., ¶¶ 150, 151, 156; *see* Ex. D(1) to Plaintiffs' Am. Response to Ind. Defs.' Mot. to Dismiss.

[2] *Cf*. the ALJ's observation that Father Jebejian "[did not] go onto the subject property and perform a service *other than* a home blessing." Ex. C to Plaintiffs' Am. Response to Ind. Defs.' Mot. to Dismiss, at p. 29 (emphasis added).

claim in federal court [as a pendant claim to a RICO action], seeking the imposition of the same remedy [a constructive trust upon the tax proceeds] for the same reasons as advanced in state court. 674 F. Supp. 2d at 998-99. Upon the defendants moving to dismiss pursuant to the jurisdictional bar of the TIA, the district court ruled that the plaintiffs had failed to meet their burden, under the Act, of demonstrating the "insufficiency of the remedy available in the state court system" for challenging the legislation which imposed the three percent tax. *Id*. at 1006.[3]

In Wright v. Pappas, 256 F.3d 635 (7th Cir. 2001), a state statute providing for an "annual tax lien sale" was challenged under Section 1983 by a plaintiff arguing that Cook County Treasurer Maria Pappas misrepresented the value of 13 properties acquired in a tax lien sale "because of Wright's race," thus vindicating a refund of the 13 certificates of purchase. As the Seventh Circuit recognized, to uphold such an across-the-board claim in federal court would be barred either by the Tax Injunction Act, "or, in the case of the damages [sought by plaintiff], by the free-standing principle of comity." *Id*. at 637. As with the re-filed claim in *Empress Casino*, it was state legislation governing "a mode of tax collection" which was being assailed in federal court.

The remaining cases cited by the Defendants all involved the selfsame scenario, i.e., a challenge to a state tax assessment laws brought in federal court. *See*, *e.g.*, Fair Assessment in Real Estate Association, Inc. v. McNary, 454 U.S. 100, 106-107 102 S.Ct. 177 (1981) (principle of comity barred state taxpayers' suit for allegedly unconstitutional administration of state-wide tax system; petitioners previously sought relief in state court, with Missouri Supreme Court reversing on ground that State Tax Commission, not Circuit Court, should supervise reassessment

---

[3] The district court *upheld* the validity of the civil RICO action, which alleged a conspiracy between the former governor and certain racetracks resulting in the enactment of the legislation [denying a claim of immunity asserted by Gov. Blagojevich]. Id. at 1000-1002. Such allegations bear comparison to the claims against Garrett and Hamer, here, of bringing about a reversal of a religious tax exemption due to ex parte communications and *sub rosa* alliances. Compl., ¶¶136-54.

3

process); Scott Air Force Base Properties, LLC v. County of St. Clair, Illinois, 548 F.3d 516, 520-23 (7th Cir. 2008) (developer's action seeking declaration that leased land on Air Force base was exempt from county tax[4] was jurisdictionally barred by Tax Injunction Act).

In this action, by contrast, the Plaintiffs are not challenging tax assessment legislation of Illinois, or seeking to obtain a tax exemption via the imposition of a federal remedy upon a state tax system which does not so provide. Plaintiffs are claiming that Garrett and Hamer collaborated in a campaign to deprive them of their First Amendment rights to be free from ethnic, racial and religious discrimination, in a community whose constituency was almost exclusively White, Anglo-Saxon and Protestant. Compl., ¶¶ 116-121, 136-48, 182, 210-11. By agreeing to devote her efforts to tincturing IDR Director Hamer's attitude to the Church via ex parte communications comprised of unfounded and malicious imputations – thus to subvert case no. 08 PT 0024 by obtaining a reversal of the religious property tax exemption prior to the hearing of any evidence – State Senator Garrett, and Hamer as well, lent great momentum to the campaign to drive the Plaintiffs out of the community. It is not any provision of state legislation, but the behind-the-scenes subversion of an administrative process, that is being challenged in the constitutional claims against these two Defendants.

Where there has been a fundamental, substantive constitutional violation, neither the doctrine of exhaustion of administrative remedies, nor the principles of comity embodied in the Tax Injunction Act, cannot be applied to bar judicial review in the federal courts. Bosede v. Mukasey, 512 F.3d 946, 952 (7th Cir. 2008). For such fundamental reason, this Court's jurisdiction over this action should not be barred or precluded by the TIA or the cognate doctrines embodied therein.

---

[4] i.e., seeking to obtain an exemption via the federal courts, where state legislation did not so provide.

4

Respectfully submitted,

**/s/Richard S. Zachary**
Attorney for Plaintiff

Richard S. Zachary # 6197914
RICHARD S. ZACHARY P.C.
Attorneys for Plaintiffs
2117 W. Grand Ave.
Chicago, Illinois 60612
(312) 795-9003

Case: 1:10-cv-03897 Document #: 61 Filed: 11/18/10 Page 6 of 6 PageID #:738