IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE S. MICHAEL, SUSAN MICHAEL. DOROTHY MICHAEL AND ROBERT C. MICHAEL, </br></br>  Plaintiffs, </br></br> v. </br></br> CHRISTINE LETCHINGER, R. DREW IRVIN, GERALD NELLESSEN, PETER FRIEDMAN, KATHLEEN O'HARA, BRIAN HAMER, SUSAN GARRETT and the VILLAGE OF LAKE BLUFF, </br></br> Defendants. | Court No. 10 CV 3897 </br></br> Judge Feinerman </br></br> Magistrate Judge Cox </br></br> **TRIAL BY JURY DEMANDED** |

## INDIVIDUAL VILLAGE DEFENDANTS' MOTION TO DISMISS COUNTS I AND III

NOW COME Defendants, Christine Letchinger, R. Drew Irvin, Gerald Nellessen and Peter Friedman (collectively the "Individual Defendants"), by their attorney, Howard P. Levine of DeAno and Scarry, LLC, and for their Motion to Dismiss Counts I and III of Plaintiffs' Complaint with prejudice pursuant to FED. R. CIV. P. 12(b)(6), states as follows:

1. Plaintiffs filed their five-count Complaint which was previously the subject of a Motion to Dismiss by all Defendants.

*2.* On August 5, 2011, the Court issued a ruling on Defendants' Motion to Dismiss, granting in part and denying in part Defendants' Motions to Dismiss. *Document #101.*

3. More specifically, the Court ruled against Defendants on their Motion to Dismiss Counts I and III of the Complaint based on res judicata. In Count I, brought by Plaintiff George Michael and Susan Michael, a § 1983 claim is brought based on (1) the

individual Defendants alleged interference with Plaintiffs' free exercise or religion; (2) an apparent due process violation of the 14th Amendment; and (3) an alleged violation of the 5th Amendment.

4. In Count III, brought by Plaintiff Robert Michael, he asserts his own § 1983 claim based on an alleged unconstitutional objection by Defendants to the requested tax exemption for the Property located in Lake Bluff.

5. In its Opinion of August 5, 2011, the Court denied Defendants' Motion to Dismiss based on res judicata.

6. On November 30, 2011, The Illinois Supreme Court denied the Church's Petition for Leave to Appeal, thereby exhausting the appellate review for the Church. *(Petition for Leave to Appeal 112889).*

7. In the case at bar, Plaintiffs' § 1983 claims in Counts I and III are barred by res judicata. For res judicata to apply, there must be: (1) a final judgment on the merits rendered by a court of competent jurisdiction, (2) the same cause of action, and (3) the same parties or their "privies." *Chicago Title Land Trust Co. v. Potash Corp. of Saskatchewan Sales Ltd.*, --- F.3d ----, 2011 WL 6762917 (7th Cir. 2011) citing *Hudson v. City of Chicago,* 228 Ill.2d 462, 889 N.E.2d 210, 215 (2008).

8. Here, the first requirement of res judicata is met with the denial of the Church's Petition for Leave to Appeal to the Illinois Supreme Court on November 30, 2011 *(Petition for Leave to Appeal 112889).* With that denial, the decision of the First District Appellate Court denying the Church a tax exemption becomes final and the finality requirement is satisfied.

9. The second requirement is also met in the unity of the cause of action. Both the tax exemption proceeding, as well as Counts I and III, are based on the issue of whether the Property was entitled to a religious non-homestead property tax exemption. While Plaintiffs could not have raised their § 1983 claims on administrative review before the administrative law judge, they did bring a due process challenge and were free to claim that the tax exemption was denied in violation of the First Amendment, as is raised in the case at bar.

10. Plaintiffs here also meet the final requirement, which is the unity of parties. Clearly, the Village of Lake Bluff is a party to both this action and the administrative actions involving the tax exemption issue for the Property. While the Church itself is not a party to this action, but was a party to the tax exemption case, Plaintiffs here are in such privity to the Church that the Court should deem this element of res judicata met. Therefore, Plaintiffs' claims in Counts I and III are barred by res judicata.

11. Alternatively, if the Court deems that Plaintiffs and the Church are not in such privity to establish the defense of res judicata and dismiss Counts I and III, then Plaintiffs have no standing individually to raise the denial of the tax exemption as their own personal claim. It is well settled that a party "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Kowalski v. Tesmer,* 543 U.S. 125, 129, 125 S.Ct. 564, 160 L.Ed.2d 519 (2004) (quoting *Warth v. Seldin,* 422 U.S. 490, 499, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).

12. Therefore, either the individual Plaintiffs are the same as the Church and their claims in Count I and III are barred by res judicata, or Plaintiffs are not the same as

3

the Church and have no standing to raise the denial of the Church's tax exemption. Under either scenario, Defendants' Motion to Dismiss Counts I and III should be granted.

**WHEREFORE**, in light of the foregoing, Defendants, Christine Letchinger, R. Drew Irvin, Gerald Nellessen and Peter Friedman, pray that this Honorable Court grant their Motion to Dismiss Counts I and III of Plaintiffs' Complaint with prejudice and for such further relief as the Court deems appropriate.

        Respectfully submitted,
        CHRISTINE LETCHINGER, R. DREW
        IRVIN, GERALD NELLESSEN AND
        PETER FRIEDMAN

By:     s/Howard P. Levine
           One of Their Attorneys

James L. DeAno #6180161
Laura L. Scarry #6231266
Howard P. Levine #6197286
Emily E. Schnidt #6298680
**DeAno and Scarry, LLC**
53 West Jackson Boulevard
Suite 550
Chicago, IL 60604
Tel: (630) 690-2800
Fax: (312) 564-4125

S:\Case Files\12256.Michael\12256.motions\12256.mtd.2012.01.25.doc

4