IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE S. MICHAEL, SUSAN MICHAEL. DOROTHY MICHAEL AND ROBERT C. MICHAEL ) ) ) ) | |
| Plaintiffs, ) ) | Court No. 10 CV 3897 |
| ) | Judge Feinerman |
| v. ) ) | |
| ) | Magistrate Judge Cox |
| CHRISTINE LETCHINGER, R. DREW IRVIN, ) GERALD NELLESSEN, PETER FRIEDMAN, ) KATHLEEN O'HARA, BRIAN HAMER, SUSAN ) GARRETT and the VILLAGE OF LAKE BLUFF, ) ) Defendants. ) | TRIAL BY JURY DEMANDED |

**INDIVIDUAL VILLAGE DEFENDANTS'
MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION TO DISMISS**

NOW COME Defendants, Christine Letchinger, R. Drew Irvin, Gerald Nellessen and Peter Friedman (collectively the "Individual Defendants"), by their attorney, Howard P. Levine of DeAno and Scarry, LLC, and for their memorandum of law in support of their Motion to Dismiss Counts I and III of Plaintiffs' Complaint with prejudice pursuant to FED. R. CIV. P. 12(b)(6), states as follows:

**I.    NATURE OF THE CASE**

Plaintiffs filed their five-count Complaint which was the subject of a Motion to Dismiss by all Defendants. On August 5, 2011, the Court issued a ruling on Defendants' Motion to Dismiss, granting in part and denying in part Defendants' Motions to Dismiss. *Document #101.*

More specifically, the Court ruled against Defendants on their Motion to Dismiss Counts I and III of the Complaint based on res judicata. In Count I, brought by Plaintiffs

George Michael and Susan Michael, a § 1983 claim is brought based on: (1) the individual Defendants alleged interference with Plaintiffs' free exercise or religion; (2) an apparent due process violation of the 14th Amendment; and (3) an alleged violation of the 5th Amendment.

In Count III, brought by Plaintiff Robert Michael, he asserts his own § 1983 claim based on an alleged unconstitutional objection by Defendants to the requested tax exemption for the Property located in Lake Bluff.

In its Opinion of August 5, 2011, the Court denied Defendants' Motion to Dismiss based on res judicata. The Court ruled that Defendants' Motion to Dismiss was premature in that the Church, a non-party, while it had lost its appeal before the First District Appellate Court, still could file a Petition for Leave to Appeal to the Illinois Supreme Court. Therefore, the Court held this did not constitute a final judgment for purposes of res judicata. The Court did, however, invite Defendants to reassert their res judicata defense if and when the Church exhausted its appellate review.

On November 30, 2011, the Illinois Supreme Court denied the Church's Petition for Leave to Appeal, thereby exhausting the appellate review for the Church. (Petition for Leave to Appeal 112889). This denial by the Illinois Supreme Court left standing the First District Appellate Court's ruling denying the Church a tax exemption.

## II.  MOTION TO DISMISS STANDARD OF REVIEW

The U.S. Supreme Court has established that a complaint must be plausible on its face and not merely a "formulaic recitation of the elements of a cause of action" to survive a motion to dismiss. *Ashcroft v. Iqbal,* --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127

S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A district court is neither bound by a plaintiff's legal characterizations of the facts, nor required to ignore facts set forth in the complaint that undermine a plaintiff's claims. *LeBlang Motors, Ltd. v. Subaru of America, Inc.*, 148 F.3d 680, 690 (7th Cir. 1998).

Bare assertions, amounting to nothing more than "labels and conclusions," or a "formulaic recitation of the elements," of a constitutional claim are conclusory and not entitled to be assumed true. *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). The allegations do not suffice if they tender "naked assertions," devoid of "further factual enhancement." *Id.,* at 1949 (quoting *Bell Atlantic,* 550 U.S. at 557). Moreover, "Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.*

### III. PLAINTIFFS' § 1983 CLAIMS ARE BARRED BY RES JUDICATA

In the case at bar, Plaintiffs' § 1983 claims in Counts I and III are barred by res judicata. For res judicata to apply, there must be (1) a final judgment on the merits rendered by a court of competent jurisdiction, (2) the same cause of action, and (3) the same parties or their "privies." *Chicago Title Land Trust Co. v. Potash Corp. of Saskatchewan Sales Ltd.*, --- F.3d ----, 2011 WL 6762917 (7th Cir. 2011) citing *Hudson v. City of Chicago,* 228 Ill.2d 462, 889 N.E.2d 210, 215 (2008).

"If the three elements necessary to invoke res judicata are present, res judicata will bar not only every matter that was actually determined in the first suit, but also every matter that might have been raised and determined in that suit." *Id.*, 889 N.E.2d at 217 (quoting *Rein v. David A. Noyes & Co.,* 172 Ill.2d 325, 665 N.E.2d 1199, 1205 (1996)). "The purpose of res judicata is to promote judicial economy by requiring parties to

3

litigate, in one case, all rights arising out of the same set of operative facts...." *River Park, Inc. v. City of Highland Park,* 184 Ill.2d 290, 703 N.E.2d 883, 896 (1998) (internal quotation omitted).

Here, the first requirement of res judicata is met with the denial of the Church's Petition for Leave to Appeal to the Illinois Supreme Court on November 30, 2011 *(Petition for Leave to Appeal 112889).* With that denial, the decision of the First District Appellate Court denying the Church's tax exemption became final and the finality requirement for res judicata is satisfied.

The second requirement is also met in the unity of the cause of action. Both the tax exemption proceeding, as well as Counts I and III, are based on the issue of whether the Property was entitled to a religious non-homestead property tax exemption. While Plaintiffs could not have raised their § 1983 claims on administrative review before the administrative law judge, they did bring a due process challenge and were free to claim that the tax exemption was denied in violation of the First Amendment, as is raised in the case at bar.

Illinois law allows constitutional claims, including § 1983 claims, to be joined with administrative review proceedings. *Durgins v. City of East St. Louis, Illinois*, 272 F.3d 841 (7th Cir. 2001). Therefore, as res judicata bars not only issues that were actually raised in the prior proceeding, but also issues which could have been raised in the prior proceeding, Plaintiffs' § 1983 claims in Counts I and III are barred by res judicata. *Hicks v. Midwest Transit, Inc*., 479 F.3d 468, 471 (7th Cir. 2007).

Plaintiffs here also meet the final requirement, which is the unity of parties. Clearly, the Village of Lake Bluff is a party to both this action and the administrative actions involving the tax exemption issue for the Property.

While the Church itself is not a party to this action, but was a party to the tax exemption case, Plaintiffs here are in such privity to the Church that the Court should deem this element of res judicata met. *Tartt v. Nw. Cmty. Hosp.,* 453 F.3d 817, 822-823 (7th Cir. 2006). The allegations of the Complaint plainly establish that Plaintiffs were the Church personified. *Complaint*, pars. 33, 36-39. Plaintiff George Michael became a pastor over the internet and Plaintiffs deeded their house to the Church, but maintained their residence at the Property as they had before. Clearly, the establishment of the Church was a sham in an attempt to avoid property taxes but for all intents and purposes, Plaintiffs and the Church were one in the same. Therefore, Plaintiffs' claims in Counts I and III are barred by res judicata.

## IV. PLAINTIFFS HAVE NO STANDING TO RAISE THE DENIAL OF THE CHURCH'S TAX EXEMPTION

Alternatively, if the Court deems that Plaintiffs and the Church are not in such privity to establish the defense of res judicata and dismiss Counts I and III, then Plaintiffs have no standing individually to raise the denial of the tax exemption as their own personal claim. Stated differently, Plaintiffs cannot raise the denial of the tax exemption which belongs to the Church if they are not considered one and the same as the Church. If this is the case, however, Counts I and III must be dismissed for lack of standing.

Here, as in all standing inquiries, the critical question is whether the petitioner has "alleged such a personal stake in the outcome of the controversy as to warrant *his* invocation of federal-court jurisdiction." *Summers v. Earth Island Institute,* 555 U.S. ----,

5

----, 129 S.Ct. 1142, 1148-49, 173 L.Ed.2d 1 (2009). It is well settled that a party "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Kowalski v. Tesmer,* 543 U.S. 125, 129, 125 S.Ct. 564, 160 L.Ed.2d 519 (2004) (quoting *Warth v. Seldin,* 422 U.S. 490, 499, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).

Therefore, for Plaintiffs to have standing, they must be able to allege an injury that affects their own legal rights. They cannot rest their claim to relief on the legal rights or interests of third parties such as the Church, which is not a party to this case. *J.F. Shea Co., Inc. v. City of Chicago*, 992 F.2d 745, 749 (7th Cir. 1993).

Unfortunately for Plaintiffs, if they are not the same as the Church, they had completely failed to allege any violation of their own rights. If not considered the Church, Plaintiffs as individuals have no standing to protest the denial of the tax exemption to the Church. This claim would rest solely with the Church. Moreover, even if asserted by the Church in this case, this claim would also be barred by res judicata as the Church was a named party in the tax exemption case.

Therefore, either the individual Plaintiffs are the same as the Church and their claims in Count I and III are barred by res judicata, or Plaintiffs are not the same as the Church and have no standing to raise the denial of the tax exemption. Under either scenario, Defendants' Motion to Dismiss Counts I and III should be granted.

**WHEREFORE**, in light of the foregoing, Defendants, Christine Letchinger, R. Drew Irvin, Gerald Nellessen and Peter Friedman, pray that this Honorable Court grant

their Motion to Dismiss Counts I and III of Plaintiffs' Complaint with prejudice and for such further relief as the Court deems appropriate.

                                                Respectfully submitted,
                                                CHRISTINE LETCHINGER, R. DREW IRVIN, GERALD NELLESSEN AND PETER FRIEDMAN

                          By:        s/Howard P. Levine
                                                One of Their Attorneys

James L. DeAno #6180161
Laura L. Scarry #6231266
Howard P. Levine #6197286
Emily E. Schnidt #6298680
**DeAno and Scarry, LLC**
53 West Jackson Boulevard
Suite 550
Chicago, IL 60604
Tel: (630) 690-2800
Fax: (312) 564-4125

S:\Case Files\12256.Michael\12256.motions\12256.mtd.memo.2012.01.23.doc