IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE S. MICHAEL and SUSAN MICHAEL, | ) ) ) | |
| Plaintiffs, | ) ) | 10 CV 3897 |
| v. | ) ) | Judge Feinerman |
| CHRISTINE LETCHINGER, R. DREW IRVIN, GERALD NELLESSEN and PETER FRIEDMAN, | ) ) ) | Magistrate Judge Cox |
| Defendants. | ) | |

**PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT UNDER RULE 54(b)**

Plaintiffs, George S. Michael, as guardian for Dorothy Michael, and Susan Michael, move for the entry of an Order directing the entry of final judgment as to Counts IV and V of the original Complaint and finding that there is no just reason for delay in the entry of that final judgment. In support of this motion, the movants state as follows:

1. On August 5, 2011, this Court issued a ruling dismissing without prejudice Counts IV and V of the original Complaint. Count IV was a claim for intentional infliction of emotional distress against defendant Gerald Nellessen on behalf of plaintiff Susan Michael. Count V was a claim for intentional infliction of emotional distress against defendant Kathleen O'Hara on behalf of plaintiff Dorothy Michael. (On March 6, 2012, the Court entered an Order granting leave for George S. Michael, as guardian for Dorothy Michael, to substitute as party plaintiff for Dorothy Michael.)

2. The August 5, 2011 ruling granted plaintiffs leave to amend the dismissed claims by September 2, 2011. Plaintiffs' motion to extend to October 3, 2011 the time for filing amended claims was denied on December 13, 2011 for failure to notice the motion for presentment.

3. On March 13, 2012, the Court denied a subsequent motion by plaintiffs for leave to file their amended complaint.  Reconsideration of that ruling was denied as to the two state law claims on March 22, 2012.  Plaintiffs were granted leave to plead an amended Count I (brought under 42 U.S.C. § 1983).  The current Second Amended Complaint (Doc. 138) pleads that one count on behalf of plaintiffs George and Susan Michael against defendants Letchinger, Irvin, Nellessen, and Friedman.

4. Because the March 13, 2012 and March 22, 2012 rulings did not permit further repleading of the two dismissed state law claims, those rulings operated as a final disposition of those claims, and a final judgment may be entered as to those claims under Rule 54(b) of the Federal Rules of Civil Procedure:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

5. A judgment may properly be entered as to fewer than all claims or parties under Rule 54(b) only if those claims or parties are "separate" from the remaining claims or parties:

> The test for separate claims under the rule is whether the claim that is contended to be separate so overlaps the claim or claims that have been retained for trial that if the latter were to give rise to a separate appeal at the end of the case the court would have to go over the same ground that it had covered in the first appeal.  It is to avoid such duplication that the power of the district judge to enter an appealable judgment under Rule 54(b) is limited to separate claims — or to separate parties whether or not their claims are separate, though for a different reason: to minimize uncertainty about who is in and who is out of the case.

*Lawyers Title Insurance Corp. v. Dearborn Title Corp.*, 118 F.3d 1157, 1162 (7th Cir. 1997) (citations omitted).

40837

6.  Where the Rule 54(b) judgment is predicated on separate claims (as opposed to separate parties), the determination of separateness turns on whether the claims involve the same facts. *Ty, Inc. v. Publications Int'l Ltd*, 292 F.3d 512, 515 (7th Cir. 2002) ("Rule 54(b) authorizes the district court to enter a final judgment on a single claim only if that claim is separate from the claim or claims remaining for decision in the district court—separate not in the sense of arising under a different statute or legal doctrine, such as the trademark statute versus the copyright statute, but in the sense of involving different facts"). The question is whether there is a "a great deal of factual or legal overlap between counts." *Horwitz v. Alloy Automotive Co.*, 957 F.2d 1431, 1434 (7th Cir. 1992). If there is, then they "are considered the same claim for Rule 54(b) purposes." *Id.*

7.  The intentional infliction claim against Gerald Nellessen, which related to an incident involving his service of certain papers on Susan Michael, is factually distinct from the allegations of the Section 1983 claim brought against him and others in Count I of the Second Amended Complaint, and does not involve a "great deal of factual overlap." *Ty*, *supra*. *Federico v. Freedomroads RV, Inc.*, 2011 U.S. Dist. LEXIS 42005, *3 (N.D. Ill. April 14, 2011) (entering judgment under Rule 54(b), dismissing some, but not all, claims against a party).

8.  The intentional infliction claim against Kathleen O'Hara was the sole claim brought against that defendant. It was also the only claim brought by plaintiff Dorothy Michael. It therefore satisfies the requirement of separate parties because it involves exclusively parties other than those against whom the remaining claims are brought. The facts underlying that claim, which involves allegations relating to in-school interrogations of a mentally disabled student, are also separate and distinct from the facts underlying the claims against the other defendants. *See Cooper Power Systems, Inc. v. Union Carbide Chemicals & Plastics Co.*, 123

F.3d 675, 678 n.1 (7th Cir. 1997) ("Having resolved all the claims against one party, the court was permitted to certify that judgment for immediate appeal."); *Vajk v. Galvin*, 1999 U.S. Dist. LEXIS 14693 (N.D. Ill. 1999) (entering Rule 54(b) judgment as to dismissal of all claims against some, not all, parties).

9.    There is no just reason for delaying the entry of judgment as to Counts IV and V of the original Complaint. The entry of judgment will enable plaintiffs to be in a position to pursue without further delay their state court remedies as to the attorney previously representing them in this matter. As counsel for defendants argued at the March 22, 2012 hearing on plaintiffs' motion for reconsideration of the Order denying plaintiffs leave to file their First Amended Complaint:

> If they [*i.e.*, plaintiffs] have an issue and if they could bring these claims, they still have an avenue to do that. They could bring these against Mr. Zachary. If that was the problem, they can bring a malpractice action. If they have a valid thing, that's where it belongs . . . .

(3/22/2012 Tr. at 12.) The Court agreed:

> And I agree with the defendants that to the extent that the plaintiffs have a remedy for all this, it lies against Mr. Zachary, perhaps, and not against the defendants, at least at this point, with Mr. Zachary having done what he's done and the consequences of his inattentiveness.

(*Id.* at 26.) Bringing the dismissal of Counts IV and V to judgment will place plaintiffs in a position to pursue the remedy to which the Court referred.

10.    Furthermore, in the event that the Court of Appeals concludes that the plaintiffs should have been permitted to file their amended state law claims, the resolution of that issue will permit plaintiffs to proceed without delay as to the merits of those claims. Similarly, in the event that the Court of Appeals concludes that the denial of leave to file amended state law

40837

claims was proper, that ruling will have the effect of bringing finality to those claims without further delay for the defendants.

WHEREFORE, Plaintiffs, George S. Michael, as guardian for Dorothy Michael, and Susan Michael, move for the entry of an Order:

(i) directing the entry of a final judgment as to Count IV of the Original Complaint in favor of defendant Gerald Nellessen and against plaintiff Susan Michael;

(ii) directing the entry of a final judgment as to Count V of the Original Complaint in favor of defendant Kathleen O'Hara and against plaintiff George S. Michael, as guardian for Dorothy Michael; and

(iii) finding that there is no just reason for delay in the entry of the foregoing final judgments.

        Respectfully submitted,

        GEORGE S. MICHAEL, as guardian for
        Dorothy Michael, and SUSAN MICHAEL

        By:    */s/ David A. Eide*
            One of Their Attorneys

Lawrence M. Karlin (#3125137)
David A. Eide (#6199184)
KARLIN EIDE LLP
651 W. Washington St., Ste. 205
Chicago, IL 60661
312-260-7720

Dated: April 20, 2012

- 5 -

40837